■ WALTER SUSSMAN, Appellant-Respondent, v. SOPHIE CHYLINSKI, Respondent-Appellant.— In an equity action: (a) to set aside a deed to certain real property on the ground that it was fraudulently procured; and (b) to recover the proceeds of a $5,000 mortgage loan obtained by defendant after the conveyance, the parties cross-appeal as follows from a judgment of the Supreme Court, Kings County, entered August 6, 1963 upon the oral decision of a Special Referee after a nonjury trial before him: (1) The plaintiff appeals from so much of the judgment as failed to award to him the sum of $5,000; and (2) defendant appeals, as limited by her brief, from so much of the judgment as directed her to reconvey the property, to surrender possession of the property to the plaintiff, and to account to the plaintiff for the rents and profits of the property. Judgment modified on the law and the facts: (1) by striking out its seventh decretal paragraph, awarding $192.75 costs and disbursements to the plaintiff; and (2) by substituting therefor a paragraph directing that plaintiff recover from the defendant $5,000, with interest thereon from December 21, 1961, together with $192.75 costs and disbursements. As so modified, judgment, insofar as appealed from, affirmed, with costs to the plaintiff. Findings of fact contained in the Special Referee's decision which may be inconsistent herewith are reversed and new findings are made as indicated herein. The learned Referee found that the elderly plaintiff, in conveying his property to defendant, was "grossly defrauded" and that defendant's testimony was "valueless". We agree with these conclusions, which are amply supported by the record, but we find that defendant's testimony to the effect that she lent approximately $5,000 to the plaintiff from an " accumulation " of cash in a drawer is likewise incredible, more especially since defendant appears to admit that she perjured herself as to the source of these funds. Accordingly, plaintiff is entitled to judgment against the defendant for the $5,000 which she received by mortgaging the premises, the deed to which she had obtained by fraud. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.